HEWEY FRANS ET AL *v.* W. A. JENKINS, ADMR., ET AL.

Pleading—Process—Agreed Interpleading of a Defendant.

An agreement by plaintiff in an action, that a wife be permitted to interplead, on the ground of abandonment, and she was made a defendant, that her interest may be adjudged. Held not to be such service on the original defendant as to sustain a judgment in favor of the wife.

APPEAL FROM MEADE CIRCUIT COURT.

November 17, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

Lemands and Barrett, and Jenkins, administrator, brought separate suits in equity against Nathaniel Collins, and Henry Frans, seeking to subject to their claims against Collins; a debt which they allege Frans owed Collins of $900 secured by a mortgage on a tract of land in Meade county.

These suits were consolidated, and Sarah Collins, the wife of said N. Collins, complaining of abandonment, and asserting a claim for maintenance against her husband, was permitted to file in the cases, a petition, and by consent of the plaintiffs she was thereupon made a defendant, her petition being taken as an answer, etc.

The claim of Lemands and Barrett was founded on their alleged liability for N. Collins as his sureties in a judgment in favor of Andrew Bars, which they had replevied, in the court of common pleas for Crawford county, Indiana, and the claim of Jenkins,

administrator, was for money alleged to be due from Collins on an account.

There was no proof of the suretyship of Lemands and Barrett, nor of the account sued on by the other plaintiff, nor of the statements of the petition of Mrs. Collins, and although an attorney was appointed to defend for Collins, no bonds for restitution were given. These were all required by the Civil Code (sections 439-440). Moreover, the consent order, as to the petition of Mrs. Collins, did not in our opinion have the effect to bring either N. Collins or Frans before the court as antagonistic parties to her.

Therefore, the judgment which was rendered on this defective preparation in favor of all of the original plaintiffs and Mrs. Collins, is deemed erroneous, in each branch of the case.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Coale & Johnson, for appellants.*